

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-30-2007

# Santoso v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-1889

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Santoso v. Atty Gen USA" (2007). *2007 Decisions.* Paper 518.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/518

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 06-1889

———————

SANJAYA SANTOSO,

Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES;
SECRETARY OF DEPARTMENT OF HOMELAND SECURITY,

Respondents

———————

Petition for Review of an Order of the
Board of Immigration Appeals
(No. A95-862-110)
Immigration Judge: Hon. Rosalind Malloy

———————

Submitted Under Third Circuit LAR 34.1(a)
June 15, 2007

Before: McKEE, STAPLETON, and NYGAARD, Circuit Judges.

(Filed: August 30, 2007)

NYGAARD, <u>Circuit</u> <u>Judge</u>.

## I.

Sanjaya Santoso, a native and citizen of Indonesia, entered the United States and remained here beyond the expiration of his visitor's visa. He appeared before Immigration Judge Malloy and conceded removability, but requested asylum, withholding of removal, and relief under the Convention Against Torture (CAT). IJ Malloy found Santoso's asylum application untimely, and concluded he failed to establish entitlement to withholding or CAT relief. The Board of Immigration Appeals affirmed. We will deny Santoso's petition for review.

## II.

Santoso is a Catholic of Chinese descent. He claims that, on separate occasions, native, Muslim Indonesians attacked his church, rioted at his workplace, and robbed him at gun-point. Local police, he contends, failed to respond to the incidents at his church. He further claims that he is fearful of returning to Indonesia because of Al Qaeda's 2002 bombing of a Bali nightclub.

Those seeking asylum must file their application within one year of arriving in the United States. Santoso acknowledges that he failed to file a timely application, but maintains that Al Qaeda activity in Indonesia makes his return there extremely dangerous.

The IJ, consistent with Board precedent,[1] concluded Al Qaeda's activities did not constitute "changed country conditions" sufficient to justify excusing the untimeliness of Santoso's application. We lack jurisdiction to review this determination. *Tarrawally v. Ashcroft*, 338 F.3d 180, 185 (3d Cir. 2003).

To obtain withholding of removal, Santoso must establish that there is a "clear probability" his life or freedom would be threatened in Indonesia because of his race, religion, nationality, membership in a particular social group, or political opinion. *Tarrawally*, 338 F.3d at 186. Contrary to the assertions in his appellate brief, Santoso testified that neither he nor his family have been persecuted or mistreated in Indonesia because of his race or religion. He produced no evidence that Al Qaeda specifically targets ethnic Chinese Christians in his home country, and the relevant State Department Country Reports otherwise indicated that the Indonesian government has aggressively prosecuted terrorists linked to the Bali bombings. Given this record, denial of his claim for withholding relief is supported by substantial evidence. *Abdulrahman v. Ashcroft*, 330 F.3d 587, 597 (3d Cir. 2003).

An alien may obtain protection from removal under the Convention Against Torture if he establishes that, more likely than not, he will be tortured if he is removed. *Wang v. Ashcroft*, 320 F.3d 130, 133-34 (3d Cir. 2003). Again, Santoso plainly failed to

---

1.    In *In Re AM*, 23 I&N Dec. 237 (2005), the Board rejected a claim similar to Santoso's, pointing out that 90% of the Bali population is Hindu, and that the bombing targeted foreign tourists.

carry his burden of proof. He failed to adduce any "evidence of gross, flagrant or mass violations of human rights" inflicted by or at the instigation of Indonesian officials. Rather, historical mistreatment of Chinese Christians in Indonesia "seems to have been primarily wrought by fellow citizens," and the government has taken significant steps to improve conditions there. *Lie v. Ashcroft*, 396 F.3d 530, 537 (3d Cir. 2005). Santoso has provided no evidence that Al Qaeda specifically targets Chinese Christians in Indonesia, much less proof that government officials acquiesce in Al Qaeda's activities.

Finally, Santoso claims that the Board denied him due process because it failed to provide meaningful review of the IJ's decision. Santoso's claim here lacks merit. Aliens have no constitutional right to "meaningful review" by an administrative agency. *Dia v. Ashcroft*, 353 F.3d 228, 242 (3d Cir. 2003). Regardless, the Board's opinion clearly indicates it considered Santoso's claims and testimony, and concurred with the IJ's application of the law. We see no reason to remand for further explanation of its decision.

For the foregoing reasons, we will deny the petition for review.

4